UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| Patrick Shelton, | ) | Civil Action No.: 8:16-cv-3728-AMQ |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | |
| | ) | **ORDER AND OPINION** |
| | ) | |
| Newberry County School District, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the Court on the Motion for Summary Judgment filed by Defendant Newberry County School District ("Defendant") brought pursuant to Rule 56 of the Federal Rules of Civil Procedure in the above-referenced matter. (ECF No. 45.) On November 23, 2016, Plaintiff Patrick Shelton ("Plaintiff") filed this action against Defendant, alleging claims against his former employer for race-based disparate treatment in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e *et seq.* ("Title VII"), First Amendment deprivation of free speech rights and retaliatory discharge, and gross negligence under the South Carolina Tort Claims Act. (ECF No. 1.)

In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 D.S.C., this employment discrimination matter was referred to United States Magistrate Kevin F. McDonald for consideration of pretrial matters. The Magistrate Judge prepared a thorough Report and Recommendation ("Report") which recommends that Defendant's Motion for Summary Judgment be granted as to all claims except Plaintiff's First Amendment retaliatory discharge claim. (ECF No. 59.) Both Plaintiff and Defendant filed objections to the Report and

1

Recommendation (ECF Nos. 62, 63) and both parties filed replies (ECF Nos. 67, 69).  For the reasons set forth herein, the Court adopts the Report and Recommendation and Defendant's motion for summary judgment (ECF No. 45) is GRANTED in part and DENIED in part.

## BACKGROUND AND PROCEDURAL HISTORY

The Report and Recommendation sets forth in detail the relevant facts and standards of law, and the Court incorporates them and summarizes below only in relevant part.  Plaintiff filed this matter on November 23, 2016, against his former employer.  Defendant moved for summary judgment on January 4, 2018, and responses and replies were filed accordingly.  After consideration of the same, the Magistrate Judge issued a Report and Recommendation recommending that the Motion for Summary Judgment be denied as to Plaintiff's First Amendment retaliatory discharge claim, and granted as to all other causes of action.  (ECF No. 59 at 27.)  For purposes of considering the Motion for Summary Judgment and the parties' objections, the primary issue concerns a so-called "Black History Month" post made by Plaintiff on Facebook comprised of information from a book called "Nile Valley Contributions to Civilization," discussing an ancient Egyptian contraceptive method ("Black History Month Post").  (ECF No. 59 at 5.)  Plaintiff contends that the information posted on Facebook was done so in an effort to enlighten his peers about an aspect of African-American history during Black History Month.  (ECF No. 59 at 5-6.) Plaintiff relies on the Black History Month Post in support of his claim of retaliation under the First Amendment.  (ECF No. 59 at 14.)

## STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to this Court.  The recommendation has no presumptive weight.  The responsibility for making a final determination remains with this Court.  *Mathews v. Weber*, 423 U.S. 261, 270 (1976).  The Court is charged with making a *de novo* determination of any portions of the Report to which a specific objection is made.  The

Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1). Absent a timely, specific objection—or as to those portions of the Report to which no specific objection is made—this Court "must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

## ANALYSIS AND DISCUSSION

As for Plaintiff's first cause of action for race discrimination, the Magistrate Judge set forth and reviewed the burden-shifting framework established in *McDonnell Douglas Corporation v. Green*, 411 U.S. 792, 793 (1973) and what must be established by a plaintiff to establish a prima facie case of disparate treatment. (ECF No. 59 at 10.) In so doing, the Magistrate Judge found that Plaintiff failed to establish a prima facie case of race discrimination. (ECF No. 59 at 11.) Specifically, the Magistrate Judge noted that Plaintiff had not met the fourth element of a prima facie case by showing that similarly situated employees outside of the protected class received more favorable treatment. (ECF No. 59 at 12.) As to Plaintiff's retaliatory discharge claim, the Magistrate Judge concluded that Plaintiff had not shown that he was replaced by someone outside of his protected class. Further, the Magistrate Judge noted that Defendant articulated a legitimate, nondiscriminatory reason for its decision, i.e., Plaintiff's conduct in continuing to post material on social media that Defendant found inappropriate after being counseled not to do so. (ECF No. 59 at 12-13.) The Magistrate Judge also found that Plaintiff had not shown that the proffered reason for Defendant's decisions were pretextual. (ECF No. 59 at 13.) For those reasons, the Magistrate Judge recommends that summary

3

judgment be granted in favor of Defendant on Plaintiff's Title VII cause of action. (ECF No. 59 at 13.)

The Magistrate Judge also considered Plaintiff's First Amendment retaliatory discharge claim and set forth the Fourth Circuit's test from *McVey v. Stacy*, 157 F.3d 271 (4th Cir. 1998). (ECF No. 59 at 14.) The Magistrate Judge considered the "Black History Month" post upon which Plaintiff relied in support of his claim in light of the applicable law. He then concluded that a narrow portion of Plaintiff's Facebook activity, related to Black History Month Post, could satisfy the three prongs of the *McVey* test. (ECF No. 59 at 16-18.) The Magistrate Judge specifically noted that the third prong of the test is a question of fact, and that in this case Plaintiff presented sufficient evidence for a reasonable juror to find his speech was substantial factor in the decision to terminate him. (ECF No. 59 at 18-19.) Therefore, the Magistrate Judge recommends this Court deny summary judgment on this claim. (ECF No. 59 at 19.) The Magistrate Judge, however, did recommend that summary judgment be granted on Defendant's claim that Defendant's staff conduct policy is facially unconstitutional on overbreath and vagueness grounds. (ECF No. 59 at 25.) The Magistrate Judge also recommends this Court grant summary judgment to Defendant's third cause of action for gross negligence as the claim fails within the exception to the waiver of sovereign immunity. (ECF No. 59 at 27.)

In response to the Report, Defendant contends the Magistrate Judge errs in finding that Plaintiff has set forth a material fact sufficient to defeat its Motion for Summary Judgment on the First Amendment retaliatory discharge claim. (ECF No. 62 at 1.) Defendant asserts no objection as to any other findings of the Report, nor does the Defendant object to the Report's finding that Plaintiff has met the first two elements of a First Amendment retaliation claim. (ECF No. 62 at 2.) Thus, Defendant only argues that the Report errs in finding that there are sufficient facts in

the record from which a jury could find that Plaintiff's protected speech, i.e., the Black History Post, was the "but for" cause for his termination. (ECF No. 62 at 2.) Defendant argues the Report fails to take into consideration the evidence in the record which would indicate that the termination was the result of a pattern of poor judgment and insubordination on the part of Plaintiff. (ECF No. 62 at 3.) Defendant argues that record evidence shows that the Black History Month Post was not the "but for" cause for Plaintiff's termination. (ECF No. 62 at 4-6.)

For his response, Plaintiff states that he does not "object to the Report and Recommendation overall or its conclusion that Defendant's Motion for Summary Judgment be denied on Plaintiff's claim of First Amendment retaliatory discharge." (ECF No. 63 at 1.) Plaintiff, however, contends the Magistrate Judge erred in concluding the District's policy was not unconstitutionally overbroad and vague with respect to the First Amendment facial challenge. Plaintiff argues that an ordinary person would not be able to ascertain what conduct is and is not permitted under Defendant's Staff Conduct Policy based on the subjective standards provided to Plaintiff, thereby rendering the policy overbroad and vague. (ECF No. 63 at 4-5.) Plaintiff also filed a reply to Defendant's Objections arguing that reasonable minds could conclude that Plaintiff's Black History Month Post was a substantial cause for his termination. (ECF No. 67 at 2.) Defendant filed a reply to Plaintiff's Objections, highlighting that the Defendant's Staff Conduct Policy is not unconstitutionally vague and overbroad in that it does not prohibit speech, but instead provides discipline for those in violation of the policy. (ECF No. 69 at 2.)

The Court has carefully considered these objections as well as the Magistrate Judge's Report and the entire record in this case. The issue here is very narrow as it relates to a First

Amendment retaliation claim because only the third prong of the *McVey* test is in dispute. The Court focuses its attention on that requirement, as guided by the parties' Objections.

The Fourth Circuit has recently provided the framework to be used in evaluating this requirement.

> The plaintiff bears the initial burden of proving that his exercise of his First Amendment rights was a substantial or motivating factor in the employer's [adverse employment] decision.... And if the plaintiff satisfies that burden, the defendant will avoid liability if he can demonstrate, by a preponderance of the evidence, that he would have made the same employment decision absent the protected expression. *Bland v. Roberts*, 730 F.3d 368, 375 (4th Cir. 2013) (internal citations and quotations omitted); *see also Ridpath v. Bd. of Gov'rs Marshall Univ.*, 447 F.3d 292, 318 (4th Cir. 2006) ("The causation requirement is 'rigorous' in that the protected expression must have been the 'but for' cause of the adverse employment action alleged."). This two-step process is consistent with Supreme Court precedent. *See Mt. Healthy City Sch. Dist. Bd. of Ed. v. Doyle*, 429 U.S. 274, 287, 97 S.Ct. 568, 50 L.Ed.2d 471 (1977) (holding if a plaintiff can show a prima facie case of First Amendment retaliation, the district court should go on to determine whether the defendant has shown "by a preponderance of the evidence that it would have reached the same decision ... even in the absence of the protected conduct").

*Penley v. McDowell Cty. Bd. of Educ.*, 876 F.3d 646, 654 (4th Cir. 2017).

Using this framework, the Court first considers whether Plaintiff has met his evidentiary burden supporting a prima facie case that his protected speech was a substantial or motivating factor in Defendant's termination decision. The Court appreciates Defendant pointing out contrary evidence, such as the testimony of District Chief Human Resources Officer Pamela Arrington, Newberry Elementary School principal Reggie Wicker, and letter of Superintendent Bennie Bennett which supports its opinion on the matter (ECF No. 62 at 3). Defendant characterizes this evidence as "abundant. (ECF No. 62 at 3). Defendant claims that based on this evidence, "Plaintiff's termination was the culmination of a pattern of poor judgment and insubordination and not based solely on the Black History Month [P]ost." (ECF No. 62 at 3).

Defendant may be correct. That, however, is not the proper test. The proper test is whether there is evidence from which a reasonable could conclude that the Black History Month Post was a substantial or motivating factor in the termination, not the sole factor.

The record, as the Magistrate Judge has aptly pointed out, highlights that there is at least a dispute about the potential role the Black History Month Post played in Defendant's decision to terminate. This is based in part on the statements in the record which suggest that the Black History Month Post was a motivating factor in the termination decision. (*See* ECF No. 49-3 at 5-8; ECF No. 49-5 at 9; ECF No. 49-5 at 18; ECF No. 49-6 at 5.) This is also based on the temporal relationship between the post and the termination. *See generally Wagner v. Wheeler*, 13 F.3d 86, 91 (4th Cir. 1993).

As set forth above, if a plaintiff satisfies its burden of establishing that his protected speech was a substantial or motivating factor in an adverse employment decision, a defendant can avoid liability if it can demonstrate that it would have made the same decision absent the protected expression. *Penley*, 876 F. 3d at 654. The Court finds there is a genuine issue of material fact on this step of the analysis as well. Defendant may well have been justified in terminating Plaintiff if Plaintiff never made the Black History Month Post. But because it instead terminated Plaintiff soon after the post and because Defendant's representatives made the statements about the Black History Month Post in relation to the termination, a reasonable jury could conclude the Plaintiff would not have been terminated but for the Black History Month Post.

Defendant's objections really boil down to an assertion that the evidence supporting it is much stronger than the evidence on which Plaintiff relies. That may or may not be true. But as the Fourth Circuit recently held: "Summary judgment cannot be granted merely because the

court believes that the movant will prevail if the action is tried on the merits." *Variety Stores, Inc. v. Wal-Mart Stores, Inc.,* 888 F.3d 651, 659 (4th Cir. 2018). At the summary judgment stage, the Courts must also "refrain from weighing the evidence or making credibility determinations." *Id.* (internal citations and quotations omitted). Indeed, the existence of conflicting evidence on both sides, demonstrates why summary judgment is inappropriate on this issue. *See Lambert v. Roechling Auto. Duncan, LLP*, No. CA 7:08CV0925-GRA-BHH, 2009 WL 2430661, at *8 (D.S.C. Aug. 6, 2009) ("This evidence of another side of the story" regarding the professed reason for the plaintiff's termination "necessarily create[s] a conflict suitable for juror resolution.")(internal citation and quotations omitted)).

A reasonable jury may or not believe Plaintiff, and the undersigned expresses no opinion regarding same. But, in consideration of the foregoing, the Court finds that a reasonable fact finder could conclude from the evidence as detailed in the Report, that Plaintiff's protected speech was a substantial factor in the decision to terminate him. Therefore, the Court denies Defendant's Motion for Summary Judgment as to Plaintiff's claim alleging retaliation under the First Amendment, overruling Defendant's objection as to the same.

As to Plaintiff's objection to the Report's analysis and conclusion regarding Plaintiff's First Amendment facial challenge, this objection is also overruled. The Magistrate Judge correctly noted that Plaintiff is not challenging the language of the policy itself (ECF No. 49 at 21-23), but is instead focusing on how Defendant interpreted the Policy, and the examples provided by Defendant as to what was (or not) inappropriate use of social media. (ECF No. 59 at 25.) Plaintiff's objection is primarily a restatement of arguments previously made to the Magistrate Judge and in prior filings, and these arguments were fully considered by the Magistrate Judge. Further, Plaintiff is not raising the sort of arguments at issue in the Fourth

Circuit's opinion in *Liverman v. City of Petersburg*, where the social media policy "squashe[d] speech on matters of public import at the very outset." *Liverman v. City of Petersburg*, 844 F.3d 400, 408 (4th Cir. 2016). Instead he is complaining that the standards and guidance provided to Plaintiff by District supervisors about the policy were subjective. (ECF No. 63 at 4)("[A]ll three of the supervisors involved gave different standards for how to determine what is and is not appropriate content for social media"). Plaintiff's challenge is thus, not really a facial one.

Finally, the overbreadth doctrine Plaintiff invokes is "strong medicine" to be used "sparingly and only as a last resort," and here Plaintiff, through his hypotheticals (ECF No. 49 at 22-23), has not shown that the speech regulation is overbroad by establishing "a substantial number of instances" in which the policy "cannot be applied constitutionally." *New York State Club Ass'n, Inc. v. City of New York*, 487 U.S. 1, 14 (1988)(internal citations and quotations omitted). Accordingly, this objection is overruled for the reasons set forth above as well as the rationale set forth in the Report.

## CONCLUSION

After careful consideration of the relevant motion, objections and responses, the undersigned adopts the Report and Recommendation and incorporates it herein by specific reference to the extent not inconsistent. It is, therefore, ORDERED that Defendant's Motion for Summary Judgment (ECF No. 45) is GRANTED in part and DENIED in part. Specifically, the motion is DENIED as to Plaintiff's First Amendment retaliatory discharge cause of action, and GRANTED as to all other causes of action.

/s/ A. Marvin Quattlebaum, Jr.
United States District Judge

July 20, 2018
Greenville, South Carolina